# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT COTTRELL, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **CIVIL ACTION NO. 08-0646-CG-M** |
| v. | ) |
| | ) |
| **SHERIFF JAMES LOVETTE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motions of James Lovette and Choctaw County Commission for summary judgment. (Docs. 53, 56). After review of the pleadings and in light of plaintiffs' non-response, the court finds that defendants' motions are due to be granted.

## FACTS

Plaintiffs filed this action seeking damages for defendants' alleged violation of the Fair Labor Standards Act of 1938 ("FLSA"). (Doc. 9 - Amended Complaint). Defendant, Donald Lolley, was previously dismissed from this action because he is the former sheriff and is no longer a public official. (Docs. 27, 30). Choctaw County Commission filed a counterclaim against plaintiffs for falsifying records, misrepresentation, suppression of a material fact, promissory fraud, deceit, negligence & wantonness, civil conspiracy, and unjust enrichment. (Doc. 31).[1] Defendants, Lovette and Choctaw County Commission, each filed motions for summary judgment asserting several bases why plaintiffs' FLSA claim fails as a matter of law,

---

[1] The court notes that Document 31 was originally construed as a motion to file a counterclaim because it was filed on April 20, 2009, and the deadline for filing amended pleadings was April 18, 2009. However, as defendant later pointed out, that deadline fell on a Saturday and pursuant to Rule 6(a)(3) of the Federal Rules of Civil Procedure, the deadline is extended to Monday, April 20, 2009. Therefore, the counterclaim was timely filed.

including:

> 1) Choctaw County Commission was not plaintiffs' employer for the purposes of the FLSA;
>
> 2) Plaintiffs are not protected by the FLSA because they are not employees within the meaning of the FLSA because they are members of the Sheriff's personal staff; and
>
> 3) Plaintiffs cannot show that they suffered any violations of the FLSA.

(Docs. 53, 54, 56, 57).

Defendants filed their motions for summary judgment on December 18, 2009. Any party opposing the motions was ordered to file a response in opposition on or before January 21, 2010, and plaintiffs were specifically notified that a failure to respond could result in judgment being entered against them. (Doc. 72) To date, no opposition has been filed.

## ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil

Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e) "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Discussion**

"In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v. Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)). Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint [or answer] but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).

There being no opposition to defendants' motions, the court, after review of the

pleadings, finds the motions are due to be granted.

## **CONCLUSION**

For the reasons stated above, the motions of James Lovette and Choctaw County Commission for summary judgment (Docs. 53, 56) are **GRANTED** and judgment will be entered dismissing plaintiffs' complaint.

In light of plaintiffs' claims being dismissed, defendant Choctaw County Commission is **ORDERED** to file on or before **February 9, 2010**, a notice with the court stating whether it intends to proceed with its counterclaims.

**DONE and ORDERED** this 2nd day of February, 2010.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE