IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEE HENRY McGREW, | ) |
| | ) |
| Plaintiff/ Counter Defendant, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 08-0646-CG-M |
| | ) |
| CHOCTAW COUNTY COMMISSION, | ) |
| | ) |
| Defendant/Counter Plaintiff. | ) |

## ORDER

This matter is before the court for default judgment as to counter-plaintiff's claims against counter-defendant, Lee Henry McGrew. Summary judgment was previously granted in favor of defendant regarding all of plaintiffs' claims (Doc. 76), and defendant reports that it has settled its counterclaims against counter defendants, Maurice Fitch and Robert Cotrell (Doc. 87). The only remaining claim is defendant's counterclaims against Mr. McGrew. Default was previously entered by the clerk as to the counterclaims against Mr. McGrew. (Doc. 89). On June, 17, 2010, an evidentiary hearing was held and testimony was offered to support counter-plaintiff's claim for damages against Mr. McGrew. Mr. McGrew, pro se, participated in the hearing. He cross-examined some of counter-plaintiff's witnesses and testified himself when called by counter-plaintiff. After review of the record and the testimony and evidence offered at the hearing, the court finds that counter-plaintiff is entitled to judgment in the amount of $20,902.77.

The effect of a default is that the defendant admits the plaintiff's well-pleaded allegations of fact. See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount

1

damages are not admitted by virtue of default. Rather, the court determines the amount and character of damages to be awarded. See 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2688 (3d ed. 1998).

The counterclaim asserts claims for falsifying records, several different kinds of fraud, deceit, negligence, civil conspiracy, and unjust enrichment. (Doc. 31). The basis for counter-plaintiff's claims is that, while employed by Choctaw County, Alabama, Mr. McGrew reported more time on his timesheets than he actually worked, and was therefore overpaid. (Doc. 31, p. 3). Counter-plaintiff presented evidence showing the difference between the time recorded on McGrew's time sheets and the time he actually worked during the 3-year period from April 2004 to April 2007. The evidence presented showed that the time recording differences resulted in McGrew being overpaid by $20,902.77 during that time period. Counter-plaintiff also presented evidence that, if the average pay period difference was extrapolated out over 6 years of McGrew's employment, the resulting overpayment would be $43,867.09. However, counter-plaintiff did not obtain or use the time sheet and radio logs for those portions of the 6-year period other than from April 2004 to April 2007 to determine the actual overpayment. As such, the court finds that counter-plaintiff has not proved what the difference was between the time recorded on McGrew's time sheets and the time he actually worked during the additional 3 years. An extrapolation from the average overpayment in the April 2004 to April 2007 time period is not a sufficient basis of proof for the additional time period.

The court finds that the record and evidence provided supports a finding that McGrew was overpaid in the amount of $20,902.77, The court, therefore, finds that counter plaintiff should be awarded damages in that amount.

## CONCLUSION

For the reasons stated above, judgment will be entered against **Lee Henry McGrew** and in favor of **Choctaw County Commission** in the amount of **$20,902.77 plus attorneys fees and costs.** Counter-plaintiff is **ORDERED** to file, on or before **July 7, 2010**, an accounting and supporting documents regarding its claimed attorneys fees and costs solely as they relate to the counterclaim against Lee Henry McGrew.

**DONE and ORDERED** this 21st day of June, 2010.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE