IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEE HENRY McGREW, ) | |
| ) | |
| Plaintiff/ Counter-Defendant, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 08-0646-CG-M |
| ) | |
| SHERIFF JAMES LOVETTE and ) | |
| CHOCTAW COUNTY COMMISSION, ) | |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |

## ORDER

This matter is before the court on the petition for fees and expenses filed by counter-plaintiffs, Choctaw County Commission and Sheriff James Lovette (Doc. 99), the motion of counter-defendant, Lee Henry McGrew, to reconsider this court's order denying McGrew's motion to set aside default (Doc. 106), and counter-plaintiffs' opposition thereto (Doc. 108). For the reasons explained below, the court finds that McGrew's motion for reconsideration should be denied and that counter-plaintiffs should be awarded the fees they request.

## BACKGROUND

Counter-plaintiffs filed their counterclaim on April 20, 2009, asserting claims for falsifying records, several different kinds of fraud, deceit, negligence, civil conspiracy, and unjust enrichment. (Doc. 31). The basis for counter-plaintiffs' claims is that, while employed by Choctaw County, Alabama, Mr. McGrew reported more time on his timesheets than he actually

1

worked, and was therefore overpaid. (Doc. 31, p. 3). McGrew never filed an answer or other responsive pleading to the counterclaim and default was entered by the Clerk on May 11, 2010, and the matter was set for hearing to determine damages. (Docs. 89, 90, 92). On June 3, 2010, McGrew filed a motion to set aside the default, stating that contrary to statements made by counter-plaintiffs,[1] he had not received any written or telephone correspondences from counter-plaintiffs and asking that he be allowed to offer evidence at the damages hearing. (Doc. 93). The court denied McGrew's motion to set aside because McGrew had offered no reason why he had failed to file an answer. (Doc. 94). The court also advised McGrew that he had the right to attend the damages hearing and present evidence. (Doc. 94). On June 17, 2010, an evidentiary hearing was held and testimony was offered to support counter-plaintiffs' claims for damages against Mr. McGrew. Counter-plaintiffs presented evidence showing the difference between the time recorded on McGrew's time sheets and the time he actually worked during the 3-year period from April 2004 to April 2007. Mr. McGrew, pro se, participated in the hearing. He cross-examined some of counter-plaintiffs' witnesses and testified himself when called by counter-plaintiffs. After review of the record and the testimony and evidence offered at the hearing, the court found that counter-plaintiffs were entitled to judgment in the amount of $20,902.77.

On July 7, 2010, counter-plaintiffs filed their petition for fees and expenses seeking attorneys' fees totaling $17,132.50. (Doc. 99). After obtaining permission from the court, counter-plaintiffs filed supporting declarations under seal. (Doc. 103).

---

[1] Counsel stated in the motion for default that counsel had contacted the other counter-defendants and reached a verbal settlement, but had "been unable to reach Counter-Defendants Robert Cottrell and Lee Henry McGrew." (Doc. 87, ¶¶ 2-3, Doc. 87-1, ¶ 7).

Counsel appeared on behalf of McGrew on July 21, 2010, and, on July 28, 2010, McGrew moved for reconsideration of this court's order denying his motion to set aside default. (Docs. 104, 107).

**DISCUSSION**

**I. Reconsideration**

McGrew first contends that his failure to respond to the counterclaim was due to mistake, inadvertence, surprise or excusable neglect and should be reconsidered pursuant to Rule 60(b)(1). McGrew avers that his previous attorney withdrew in September 2009 (see Docs. 40, 41), and did not advise McGrew of the existence of the counterclaim or of the need to file a response. (Doc. 106-2).

Rule 60(b)(1) permits a court to relieve a party from a final judgment, order or proceeding for "mistake, inadvertence, surprise, or excusable neglect." To obtain relief under Rule 60(b)(1) for excusable neglect due to an attorney's conduct, a party must show (1) that the mistake was excusable, and (2) that [the party] "probably would have been successful" on the merits. Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc., 803 F.2d 1130, 1133 (11th Cir. 1986). However, "[a]ttorney negligence or oversight is rarely grounds for relief" under the rule 60(b) provision for excusable neglect. United States v. Real Property and Residence, 920 F.2d 788, 792 (11th Cir. 1991); see also Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) ("This Court has demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error."); Solaroll Shade, 803

F.2d at 1132 (11th Cir. 1986) ("an attorney's negligent failure to respond to a motion does not constitute excusable neglect"). This does not actually penalize innocent clients because a person voluntarily chooses his attorney as his representative and, therefore, the client cannot escape any deficiencies of his case by claiming negligence in the acts or omissions of his attorney. Link v. Wabash Railroad Co., 370 U.S. 626 (1962); see also Cavaliere, 996 F.2d at 1115 ("This Court rejected that argument even though such a result 'appeared to penalize innocent clients for the forgetfulness of their attorneys.'").

In the instant case, McGrew has not shown that his failure to file an answer or responsive pleading to the counterclaim was excusable. McGrew cannot escape the deficiencies of his case simply by claiming that his attorney was negligent. Even if McGrew's failure to answer or respond was excusable, he has not shown that he probably would have been successful on the merits. Accordingly, the court finds that reconsideration is not warranted under Rule 60(b)(1).

McGrew also contends that reconsideration should be granted pursuant to Rule 60(b)(4) because the judgment is void. McGrew argues that the judgment is void because the two year statute of limitations contained in 19 U.S.C. § 255(a) expired prior to the counterclaim being filed.

Rule 60(b)(4) "provides that a court may relieve a party from an order or final judgment that is void. A judgment is 'void' under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter or the parties or in a manner inconsistent with due process of law." Oakes v. Horizon Financial, S.A., 259 F.3d 1315, 1318-19 (11th Cir. 2001), cert. denied, 535 U.S. 930, 122 S.Ct. 1303, 152 L.Ed.2d 214 (2002). McGrew's post-judgment motion is essentially an

4

attempt to belatedly assert an affirmative defense to the counterclaim. As an affirmative defense, however, the statute of limitations has been waived due to McGrew's failure to assert it during the proceedings. See FED.R.CIV.P. 8(c); Day v. Liberty Nat. Life Ins. Co., 122 F.3d 1012, 1015 (11th Cir. 1997) ("failure to plead the bar of the statute of limitations constitutes a waiver of the defense" citation omitted). The statute of limitations is an affirmative defense that cannot be raised for the first time post-judgment, and does not render this court without jurisdiction of the subject matter or the parties.

Moreover, the court finds that the two year statute of limitations cited by McGrew does not bar counter-plaintiffs' claims. Plaintiff asserts that the two year statute of limitations contained in 19 U.S.C. § 255(a) applies because this court did not specifically find that McGrew's conduct was willful. However, the effect of a default is that the defendant admits the plaintiff's well-pleaded allegations of fact. See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). Counter-plaintiffs asserted in their FLSA claim that McGrew knowingly falsified his timesheets. (Doc. 31, ¶ 14). Section 255(a) provides that "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 19 U.S.C. § 255(a). As such, counter-plaintiffs' FLSA claim is not barred by the statute of limitations. Therefore, the court will deny McGrew's motion for reconsideration.

**II. Attorneys' Fees**

Counter-plaintiffs filed their petition for fees and expenses with supporting declarations, seeking attorneys' fees totaling $17,132.50. (Docs. 99, 103). To date, no opposition has been filed to the above filings. Under the Fair Labor Standard's Act, in addition to any judgment

5

awarded to a plaintiff, the court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C.§ 216. Reasonable litigation expenses are ordinarily included in an award of a statutory attorneys' fee. See <u>Dowdell v. City of Apopka, Fla.</u>, 698 F.2d 1181, 1190 (11th Cir. 1983). After review of the circumstances of this case and the declarations submitted, the court finds the requested hourly rates are reasonable and that the number of hours requested were reasonably expended on the litigation. Accordingly, the court finds that counter-plaintiffs are entitled to $17,132.50 in attorneys' fees.

## CONCLUSION

For the reasons stated above, the motion of counter-defendant, Lee Henry McGrew, for reconsideration of this court's order denying McGrew's motion to set aside default (Doc. 106) is **DENIED**.

It is **FURTHER ORDERED** that counter-plaintiffs, Choctaw County Commission and Sheriff James Lovette, are awarded attorneys' fees in the amount of **$17,132.50**.

**DONE and ORDERED** this 1st day of March, 2011.

                                            /s/ Callie V. S. Granade
                                     UNITED STATES DISTRICT JUDGE